[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
Continuing analysis and review of the entire record in this case in connection with the defendants' pending September 16, 1997, Motion to Strike and/or Dismiss, in light of the oral argument held on February 6, 1998, has persuaded me that the filing of written briefs is required to assist the court in its analysis given the complexity of the issues raised.
Therefore, as indicated at the oral argument, the parties shall each have four weeks from the receipt of this notice to file initial briefs, with three additional weeks to file responsive briefs, addressing the following issues in the following sequence.
If additional time is required, the parties are requested to contact the court as soon as possible to request further time to brief these issues.
1. Have there been any developments in federal or state caselaw, new decisions, or any changes in the status of the cases cited in the memoranda of law the parties have previously filed, CT Page 2196 pertaining to the issue of "injury-in-fact" or "actual harm"? If so, what are they and how do they relate to the pending Motion to Strike and/or Dismiss?
2. Are the parties aware of any scholarly analysis or commentary relating to the United States Supreme Court's "injury-in-fact" or "actual harm" analysis in class action cases, generally, and Lewis v. Casey, specifically? If so, please provide citations.
3. For purposes of the pending motion to strike — as opposed to the previously decided motion to dismiss — must plaintiffs explicitly plead "actual harm" or "injury-in-fact" to sufficiently allege a claim pursuant to Practice Book Section 152 in the Second Amended Class Action complaint? Please cite cases in support of your argument which discuss Connecticut caselaw relating to the standards to be applied with respect to motions to strike, as distinguished from standards which apply in deciding motions to dismiss.
a. Have they sufficiently pleaded "injury-in-fact" or "actual harm"?
b. If not, precisely what must the plaintiffs plead — if true — to survive the pending motion to strike?
c. As to whom must it be pleaded? Named class representatives? Please provide citations supporting your view.
d. Are there different pleading requirements for each count? If so, how are they different?
d. In Lewis v. Casey, the court, quoting Lujan v. Defendersof Wildlife, 504 U.S. at 561, noted that:
 "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general factual allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations . . ." CT Page 2197
Please discuss how this observation relates to the analysis of the pending motion to strike in this case, recognizing the differences that may exist between federal and state pleading requirements. At the motion to strike stage, under state rules of practice and relevant caselaw, do general factual allegations of harm suffice?
4. Please analyze and discuss the extent to which the differences in pleading rules or requirements under the federal rules, as opposed to applicable state rules, may or should affect the court's analysis of the pending motion pursuant to Practice Book Section 152.
5. How have the Connecticut Supreme Court, Appellate Court and trial courts defined "injury-in-fact" or "actual harm" in their decisions — particularly in class actions — and how are these definitions relevant to this case in the procedural context of a motion to strike pursuant to Practice Book Section 152?
6. How have the United States Supreme Court and lower federal courts defined "injury-in-fact" or "actual harm" in their decisions — particularly in class actions — and how are these definitions relevant to this case in the procedural context of a motion to strike pursuant to Practice Book Section 152?
7. Is "injury-in-fact" or actual harm a pleading requirement (e.g., something that must be pleaded to sufficiently set out a claim) or a proof requirement (e.g., something that needn't be pleaded but must be proven at trial)?
8. Does "injury-in-fact" or "actual harm" have the same meaning under Connecticut law as federal law? If it has a different meaning, how is it different?
9. Please provide a definition of "injury-in-fact" or "actual harm" which you contend should be applied to the claims being made in this case, indicating the source of any proposed definition.
a. Is it your contention that the same definition should apply to each category of plaintiffs? Please explain in detail how you believe "injury-in-fact" or "actual harm" should be defined with respect to each category of plaintiffs in the complaint. CT Page 2198
10. To what extent, if any, should the decision in Stricklandv. Washington, 466 U.S. 668 (1984) — particularly the requirement that in habeas corpus cases a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of a proceeding would have been different,"466 U.S. at 694 — bear on the analysis of the "injury-in-fact" or "actual harm" issue in the context of the pending motion to strike?
Please discuss this with respect to all counts as to which this analysis may be relevant.
11. Can any of the plaintiffs in any count of the complaint in this case show that they are at imminent risk of harm, seeLuckey v. Harris, 860 F.2d 1012, 1017 (11th Cir. 1988), without also showing that other persons have suffered "injury-in-fact" or "actual harm" in specific cases? How?
12. Are the parties aware of any cases in class actions involving constitutional claims similar to those raised in this case in which a court has ordered relief in the absence of proving "injury-in-fact" or "actual harm"? Please provide citations to any such cases.
13. Please discuss any reason — including policy reasons — why, in your view, plaintiffs should or should not be required to plead "injury-in-fact" or "actual harm" in connection with the pending motion to strike, in light of relevant caselaw.
14. For defendants only: What quantum and variety of evidence of "injury-in-fact" or "actual harm" do you contend plaintiffs must plead to survive the motion to strike?
15. For defendants only: State whether you believe the federal claims should be stricken from the complaint.
a. For defendants only: If the answer to 15 is yes, please define with specificity what claims you consider to be the federal claims which should be stricken.
b. For plaintiffs and defendants: Does federal law exclusively control the issue as to whether the federal claims should be stricken? Please provide citations in support of your view. CT Page 2199
16. Assume for the sake of argument that the court concludes that the federal claims should be stricken due to a failure to sufficiently plead "injury-in-fact" or "actual harm."
a. If the federal claims are stricken, is there any basis to treat the state claims differently?
b. If so, please state why the state claims should be viewed differently with respect to the pending motion to strike, with citations to relevant cases. If not, please state why the state claims should also be stricken.
17. The parties are invited to make any other arguments or observations which they think are relevant to the court's analysis of the "injury-in-fact" or "actual harm" issue.
18. The parties are reminded that they are also requested to provide a discussion of whether the state constitution provides an independent right to counsel in habeas corpus proceedings under State v. Geisler, 222 Conn. 672 (1992).
If the parties desire an extension of time to brief this last issue, they are requested to contact the court and request more time to do so.
Counsel are reminded to provide copies of all written decisions cited which have not previously been provided to the court.
Douglas S. Lavine Judge, Superior Court